1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  J & J SPORTS PRODUCTIONS, INC.,

11          Plaintiff,                    No. CIV S-10-3040 GEB DAD

12      v.

13  MARIA CARMEN JURADO,                  ORDER AND
    INDIVIDUALLY and d/b/a EL
14  BOHEMIO SPORTS BAR & DELI,            FINDINGS & RECOMMENDATIONS

15          Defendants.

16  _____/

17          This matter came before the court on May 6, 2011, for hearing of plaintiff J & J

18  Sports Production, Inc.'s ("plaintiff") motion for default judgment against defendant Maria

19  Carmen Jurado ("Jurado"), individually and doing business as El Bohemio Sports Bar & Deli.

20  (Doc. No. 10.)  Thomas P. Riley, Esq. appeared telephonically on behalf of plaintiff.  No

21  appearance was made by or for defendant.

22          Upon hearing argument, the court took plaintiff's motion under submission.  For the

23  reasons set forth below, the undersigned recommends that the motion be granted and that default

24  judgment be entered against the defaulted defendant.

25  /////

26  /////

1

BACKGROUND

Plaintiff is an international distributor of sports and entertainment programming. Defendant Jurado operates a commercial establishment called "El Bohemio Sports Bar & Deli" in Chico, California.  By contract, plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program," which was telecast nationwide on Saturday, November 14, 2009.  Defendant intercepted and exhibited the program in her commercial establishment without authorization to do so.

The record reflects that service of process was effected on defendant Jurado on December 30, 2010, by substituted service at defendant's residence.  (Doc. No. 5.)  After defendant failed to file an answer, plaintiff filed a request for entry of default on March 11, 2011.  (Doc. No. 6.)  The Clerk entered default against defendant on March 18, 2011.  (Doc. No. 8.)  On March 28, 2011, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendant.  (Doc. No. 10.)

LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722

2

1  F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

2          Granting or denying default judgment is within the court's sound discretion.

3  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089,

4  1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.

5  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be

6  considered by the court are

7              (1) the possibility of prejudice to the plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the complaint,
8            (4) the sum of money at stake in the action; (5) the possibility of a
            dispute concerning material facts; (6) whether the default was due
9            to excusable neglect, and (7) the strong policy underlying the
            Federal Rules of Civil Procedure favoring decisions on the merits.

10

11  Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

12                              ANALYSIS

13  I.  Whether Default Judgment Should Be Entered

14          The factual allegations of plaintiff's complaint, taken as true pursuant to the entry

15  of default against defendant Jurado, establish the following circumstances:  (1) defendant Jurado

16  is the owner, operator, licensee, permitee, person in charge, or person with control over the

17  commercial establishment doing business as El Bohemio Sports Bar & Deli in Chico, California;

18  (2) by contract, plaintiff paid for the proprietary rights to distribute the "Firepower: Manny

19  Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program," telecast

20  nationwide on November 14, 2009, via closed-circuit television; (3) pursuant to the contract,

21  plaintiff entered into sublicensing agreements with various commercial entities throughout North

22  America by which it granted those entities limited sublicensing rights to exhibit the Pacquiao v.

23  Cotto fight program to their patrons within their establishments; (4) as a commercial distributor

24  of sporting events, plaintiff expended substantial monies marketing, advertising, promoting,

25  administering, and transmitting the program to its customers; (5) with full knowledge that the

26  program was not to be intercepted, received, and exhibited by unauthorized entities, defendant

1  exhibited the Pacquiao v. Cotto program at the time of its transmission and did so willfully and

2  for purposes of commercial or private gain; (6) defendant violated 47 U.S.C. § 605, et seq.,

3  which prohibits the unauthorized publication or use of communications; (7) defendant violated

4  47 U.S.C. § 553, et seq., which prohibits the unauthorized interception, exhibition, publication,

5  and divulgence of programs; (8) by reason of defendant's violations of §§ 605 and 553, plaintiff

6  has a private right of action pursuant to both statutes; (9) defendant also tortiously obtained

7  possession of plaintiff's program and wrongfully converted it to defendant's own use and benefit;

8  (10) by reason of defendant's tortious conversion, plaintiff is entitled to compensatory and

9  punitive damages; (11) the interception and exhibition of the Pacquiao v. Cotto program violated

10  California Business & Professions Code § 17200, et seq.; and (12) by reason of defendant's

11  violation of the Business & Professions Code § 17200, et seq., plaintiff is entitled to such

12  remedies as restitution, disgorgement, and attorneys' fees.  (Doc. No. 1 at 3-8.)

13       In its complaint, plaintiff prays for statutory damages of $110,000 for the willful

14  violation of 47 U.S.C. § 605 and for recovery of all costs and reasonable attorneys' fees.  (Doc.

15  No. 1 at 8.)  Plaintiff prays for statutory damages of $60,000 for the willful violation of 47

16  U.S.C. § 553 and for recovery of all costs and reasonable attorneys' fees.  (Id. at 9.)  Plaintiff also

17  seeks compensatory and punitive damages, reasonable attorneys' fees, and costs of suit for

18  defendant's tortious conversion of plaintiff's sports program.  (Id.)  Finally, plaintiff seeks

19  restitution, declaratory relief, injunctive relief, attorneys' fees, and costs of suit for defendant's

20  violation of the California Business & Professions Code.  (Id. at 10.)

21       Plaintiff's complaint and summons were served upon defendant Jurado on

22  December 30, 2010, by substituted service at defendant's residence.  (Doc. No. 5.)  The

23  undersigned finds that the defendant was properly served with the complaint and that the Clerk

24  properly entered the default of the defendant on March 18, 2011.  (Doc. No. 8.)  Defendant

25  Jurado was also served with both plaintiff's request for entry of default and application for

26  default judgment by the court.  (Doc. Nos. 6 & 10.)  Despite being served with process and all

4

1   papers filed in connection with plaintiff's request for entry of default and motion for default

2   judgment, defendant failed to respond to plaintiff's complaint, plaintiff's request for entry of

3   default, or plaintiff's motion for default judgment.

4           After weighing the Eitel factors, the undersigned finds that the material

5   allegations of the complaint for the most part support plaintiff's claims.[1]  Plaintiff will be

6   prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of

7   the damages suffered due to the defendant's failure to pay for the right to exhibit the Pacquiao v.

8   Cotto fight program to the patrons within the El Bohemio Sports Bar & Deli.

9           In light of the entry of default against defendant, there is no apparent possibility of

10  a dispute concerning the material facts underlying the action.  Nor is there any indication that

11  defendant's default resulted from excusable neglect, since defendant was properly served with

12  plaintiff's pleading as well as with plaintiff's request for entry of default and motion for default

13  judgment.  Thus, defendant Jurado has had ample notice of plaintiff's intent to pursue a default

14  judgment against her.

15          Although public policy generally favors the resolution of a case on its merits,

16  defendant's failure to make a proper appearance and defend against plaintiff's claims has made a

17  decision on the merits impossible in this case.  Because most of the Eitel factors weigh in

18  plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the

19  merits, will recommend that default judgment be entered against the defaulted defendant.

20  /////

21

22          [1]  Some courts have held that a defendant cannot be held liable under both 47 U.S.C.
    § 605(a) and 47 U.S.C. § 553.  Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481,
23  1484 (S.D. Ga. 1998); J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL
    668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-
24  02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008).   However, the court need
    not reach the issue in this case, since the overwhelming majority of courts have concluded that
25  where, as here, the defendant has defaulted, damages are to be awarded only under § 605.
    Kingvision Pay Per View, Ltd., v. Backman, 102 F. Supp. 2d 1196, 1197 n. 1 (N.D. Cal. 2000)
26  (and cases cited therein); see also J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS
    (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009).

II.  Terms Of Judgment To Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $112,200 against the defaulted defendant.  That sum consists of $110,000 for violation of 47 U.S.C. § 605(e)(3)(B)(iii) and (c)(ii) and $2,200 for the tort of conversion.  (Doc. No. 10-2, Decl. of Thomas P. Riley at 2.)  The undersigned is mindful that defendant was served with plaintiff's motion for default judgment and was placed on notice of the amount sought by plaintiff. However, granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

Under the Federal Communications Act, a plaintiff may elect to seek either actual or statutory damages.  47 U.S.C. § 605(e)(3)(C)(i)(I & II).  The statute provides for statutory damages for each violation of not less then $1,000 and not more than $10,000, as the court considers just.  47 U.S.C. § 605(e)(3)(C)(i) (II).  Plaintiff seeks the maximum award of $10,000. The statute also authorizes enhanced damages of not more than $100,000 if the court finds the violation was "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  Here, plaintiff seeks $100,000 in enhanced statutory damages.  While acknowledging that the amount of enhanced statutory damages it seeks here is "unconventional, " plaintiff argues that the requested amount is justified primarily because of the need to deter broadcast piracy in light of the harm done to plaintiff's business as a result of such activities.  The court finds plaintiff's argument in this regard to be unpersuasive in light of the record before the court and not supported by the weight of authority in this area.
/////

1    In this case, plaintiff's investigator stated that during the Pacquiao v. Cotto fight

2  broadcast, the investigator observed only 23 to a high of 35 persons inside the establishment,

3  which had the capacity to hold 60 persons.  The investigator reported that there was no cover

4  charge for entry on the night in question.  There is no evidence before the court of any promotion

5  by defendant that the fight would be shown at the establishment.  There is also no evidence

6  before the court that a special premium on food and drink was being charged at the establishment

7  on the night of the fight.  Moreover, the investigator stated that the establishment had only three,

8  21 inch, television sets mounted in three corners of the bar area.  While another 50 inch

9  television set was also located in the main dancing/bar area, the investigator reported that it was

10  "hard to watch because the picture was very bad."  (Doc. No. 10-3, Decl. of Affiant.)  There is

11  also no evidence that the establishment was doing any greater level of business on the night the

12  fight was shown than at any other time.  Finally, plaintiff has presented no evidence to the court

13  suggesting that defendant is a repeat broadcast piracy offender.

14    In light of this record,  the court will recommend that judgment be entered against

15  the defaulted defendant, and that plaintiff be awarded $1,000 in statutory damages plus $3,000 in

16  enhanced statutory damages for a total of $4,000 in damages pursuant to 47 U.S.C.

17  § 605(e)(3)(C)(i & ii).  See J & J Sports Productions, Inc. v. Herrera, Civ. S-09-1214 WBS DAD,

18  Order and Findings & Recommendations, filed March 9, 2010 (Doc. No. 20) (awarding statutory

19  damages of $1,000 and tripling the base award as a penalty enhancement for a total award of

20  $4,000 in a default judgment under similar circumstances to those presented here); J & J Sports

21  Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3-4 (N.D. Cal. Feb. 19,

22  2010) (awarding $250 in statutory damages and denying request for enhanced statutory damages

23  in light of the lack of evidence that the violation was egregious); J & J Sports Productions, Inc. v.

24  Betancourt, 2009 WL 3416431, at *4 (awarding statutory damages of $2,000 plus a penalty

25  enhancement for a total award of $6,000 in a default judgment under similar circumstances to

26  those presented here); J & J Sports Productions, Inc. v. Medinarious, et al., No. C 08-0998 JF

1   (RS), 2008 WL 4412240, at *3 (N.D. Cal. Sept. 25, 2008) (awarding $1,000 in statutory damages

2   and $5,000 in enhanced statutory damages in a default judgment under similar circumstances);

3   Garden City Boxing Club, Inc. v. Zavala, C-07-5925, 2008 WL 3875272, at *1 (N.D. Cal. Aug.

4   18, 2008) (same); Garden City Boxing Club, Inc. v. Lan Thu Tran, C-05-5017, 2006 WL

5   2691431, at *2 (N.D. Cal. Sept. 20, 2006) (same); Kingvision Pay Per View, Ltd., v. Backman,

6   102 F. Supp. 2d 1196, 1197 n.1 (N.D. Cal. 2000) (awarding statutory damages of $1,000 with no

7   enhanced damages under circumstances similar to those here).

8          In his declaration in support of the motion for default judgment, counsel indicates

9   that plaintiff also seeks the award of $2,200 in damages for the state law tort of conversion.

10   Plaintiff is entitled to such an award.  See J & J Sports Productions, Inc. v. Ro, 2010 WL 668065,

11   at *4; J & J Sports Productions, Inc. v. Montecinos, 2010 WL 144817, at *7; but see J & J Sports

12   Productions, Inc. v. Ferreyra, 2008 WL 4104315, at *1 ("Inasmuch as plaintiff seeks statutory

13   damages rather than actual damages, plaintiff's request for damages for conversion should be

14   denied.").  In moving for default judgment plaintiff has submitted evidence, in the form of a

15   declaration by the President of J & J Sports Productions, Inc. and an attached rate card for the

16   fight in question, establishing that the defendant would have been required to pay $2,200 for a

17   proper sublicensing agreement (Doc. No. 10-4).  See J & J Sports Productions, Inc. v. Ro, 2010

18   WL 668065, at *4 (calculating damages for the tort of conversion based upon the amount that

19   defendants would have been required to pay for a proper sublicensing agreement).  Therefore, the

20   court will also will recommend that plaintiff be awarded $2,200 in damages with respect to the

21   tort of conversion.

22          Finally, although the prayer for relief in the complaint as well as the introduction

23   to the motion for default judgment indicates that plaintiff seeks the award of costs and attorneys'

24   fees, the motion for default judgment does not contain any argument in support of such a request.

25   Moreover, no evidence of costs or attorneys' fees incurred was submitted to the court in

26   /////

8

1  connection with the pending motion.  Accordingly, the court will not recommend the award of

2  costs and attorneys' fees.

3  CONCLUSION

4  IT IS ORDERED that within five days after these findings and recommendations

5  are filed, plaintiff shall serve a copy of the findings and recommendations on defendant by mail

6  at the address where service of process was effected, or at any more recent address known to

7  plaintiff, and shall file a proof of such service forthwith; and

8  For the reasons set forth above, IT IS RECOMMENDED that:

9  1.  Plaintiff's March 28, 2011 motion for default judgment (Doc. No. 10) against

10  defendant Jurado individually and doing business as El Bohemio Sports Bar & Deli be granted;

11  2.  Judgment be entered against defendant in the sum of $6,200, consisting of

12  $1,000 in statutory damages plus $3,000 in enhanced statutory damages for violating 47 U.S.C.

13  § 605; $0 for violating 47 U.S.C. § 553; and $2,200 for the tort of conversion; and

14  3.  This case be closed.

15  These findings and recommendations will be submitted to the United States

16  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

17  fourteen (14) days after these findings and recommendations are filed, any party may file written

18  objections with the court.  A document containing objections should be titled "Objections to

19  Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be

20  served and filed within seven (7) days after service of the objections.  The parties are

21  advised that failure to file objections within the specified time may, under certain circumstances,

22  waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th

23  Cir. 1991).

24  DATED: December 9, 2011.

25  _____
   DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

26  DAD10
   Ddad1\orders.civil\j&jsports.10.3040.mdj.f&rs